**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x

UNITED STATES OF AMERICA, :

-against- :

CHRISTIAN RAMOS, :

Defendant. :

---------------------------------------- x

ORDER

15 Crim. 487-13 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Christian Ramos moves *pro se* to terminate or reduce the remainder of his five-year term of supervised release. (ECF No. 773.) Defendant's application is supported by his probation officer but opposed by the Government. (See ECF Nos. 775, 776.)

On January 18, 2017, Defendant pleaded guilty to Count 1 of the Superseding Indictment, admitting to participating in a narcotics conspiracy and the distribution of one kilogram of heroin and 280 grams of crack. (PSR ¶¶ 6–7.) On July 19, 2017, this Court sentenced Defendant to 120 months' imprisonment, followed by a five-year term of supervised release. (ECF No. 256.) The Defendant was released from Bureau of Prisons custody on or about June 18, 2024. (ECF No. 776 at 2.) Defendant's term of supervised release is scheduled to expire on June 17, 2029. (*Id.*)

Defendant has not demonstrated extraordinarily good behavior beyond what is expected nor any unforeseen circumstances that would justify the early termination of his supervised release. *See U.S. v. McKay*, 352 F.Supp.2d 359, 360 (E.D.N.Y Jan. 10, 2005) ("[E]arly termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" (quoting *U.S. v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Defendant has complied with the terms of his supervised release

since his release and has been gainfully employed throughout his supervision. (*See* ECF No. 773.) However, that does not constitute "exceptionally good behavior" or demonstrate "new or unforeseen circumstances" that warrant early termination. *See United States v. Wheeler*, No. 20 Cr. 492 (GHW), 2025 WL 1295610, at *2 (S.D.N.Y. May 5, 2025).

Additionally, early termination is inappropriate given the seriousness of the underlying offense and the fact that he has completed less than half of his five-year term of supervised release. Under these circumstances, early termination of his supervised release term would not reflect the seriousness of his actions and would "undermine the deterrent purpose of the original sentence." *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

Accordingly, Defendant's application to reduce or terminate his supervised release is DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 775 and 776.

Dated: September 16, 2026
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge